## DAVID WEAVER v. WILLIAM B. LEACH.

JUDGMENT, *Properly Modified.* Where a judgment is rendered on a petition which contains two distinct causes of action, though not separately stated and numbered, but united in a single count, and a motion is made to vacate and set aside the judgment and grant a new trial for defects apparent in the record, and the record discloses that judgment was properly entered on one cause of action and improperly entered on the other, *held,* that the court did not err in sustaining the motion in part and vacating the judgment as to the one cause of action, and in overruling it in part and sustaining the judgment as to the other cause of action.

### *Error from Elk District Court.*

AT the April Term, 1877, of the district court, *Leach,* as plaintiff, recovered a certain judgment against defendant *Weaver,* who brings the case here. The opinion states the facts.

*Bowen & Kirkpatrick,* for plaintiff in error.

*Carr & Milton,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Defendant in error brought suit against plaintiff in error in the district court of Elk county, on two judgments rendered in a circuit court of the state of Iowa. The petition contained a separate statement of the cause of action on each judgment, though the two causes of action were not numbered, or formally separated into two distinct counts. Transcripts of the records of these judgments were attached to and made a part of the petition. On the 3d day of April, 1877, judgment was entered in favor of plaintiff, for want of answer, for the amount of both judgments. On the 6th day of April, the defendant, Weaver, filed his motion to set aside and vacate the judgment, and for a new trial. One of the transcripts attached to the petition showed an appearance by the defendant, and judgment after such appearance; the other showed no appearance, and only constructive service by publication. On the hearing of the motion in the district court

to vacate its judgment and grant a new trial, the court sustained the motion in part, and modified the judgment it had entered by striking therefrom the amount of that Iowa judgment in which service was made by publication; and overruled the motion in part, and permitted the judgment to stand as a judgment for the amount due on that Iowa judgment in which the record showed an appearance. Of this ruling defendant complains, and insists that the judgment as a whole should have been set aside, and the case continued for answer and trial. The theory of counsel seems to be, that because the petition was not divided into two counts, separately stated and numbered, there was but one cause of action presented; and that, if there was any error in the judgment as rendered, such judgment as a whole must fall. But in truth the petition contained two separate causes of action, whatever formal defect there might have been in the pleading, and each cause of action was separate and distinct from the other.

The judgment was challenged by the motion only for defects apparent on the record. That record showed that the plaintiff was entitled to judgment upon one of the causes of action stated in the petition, and not upon the other. Hence the motion ought to have been sustained, and was sustained, so far and only so far as there was error in the judgment. There was no pretense of payment, or other defense, outside the record; and to set aside the judgment, and permit the defendant to answer, and thus delay plaintiff in his rights, would be sacrificing substantial justice to mere technicalities and form.

There is sufficient flexibility in the forms of procedure to uphold the practice and ruling of the district court in this case, when required by substantial justice. This being the only matter in which error is claimed, the judgment will be affirmed.

All the Justices concurring.